UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7671 PA (AFMx) | Date | August 28, 2020 |
|---|---|---|---|
| Title | Timothy L. Robbins v. JPMorgan Chase Bank, National Association | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant JPMorgan Chase Bank, National Association ("Defendant"). (Dkt. 1 ("Removal").) The Notice of Removal alleges the Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (Id. at 3.)[1/]

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Jurisdiction may be based on complete diversity of citizenship, which requires all plaintiffs to have a different citizenship from all defendants, and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

---

[1/]   Defendant has also filed a Request for Judicial Notice in support of the Notice of Removal. (Dkt. 4.) Defendant asks the Court to take notice of: (1) the Los Angeles Superior Court Docket in the matter titled Timothy L. Robbins vs. JPMorgan Chase Bank, N.A., where it was assigned Case No. 20SMCV01020 ("State Court Action"); and (2) JPMorgan Chase Bank, N.A.'s Articles of Incorporation dated September 10, 2004, as maintained on the web landing page for JPMorgan Chase Bank N.A., by U.S. Securities and Exchange Commission ("SEC") as part of its "EDGAR" ("Electronic Data Gathering Analysis and Retrieval") database. Because the Court did not rely on this information in reaching its decision, the Court denies the Request for Judicial Notice as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7671 PA (AFMx) | Date | August 28, 2020 |
|---|---|---|---|
| Title | Timothy L. Robbins v. JPMorgan Chase Bank, National Association | | |

The Notice of Removal states, "[t]he Plaintiff alleges that he is an individual resident of Los Angeles County. [Complaint, ¶ 2.]" (Removal at 4; see also id. at Ex. 1 ("Compl.") ¶2 ("At all times herein mentioned Plaintiff TIMOTHY L. ROBBINS ("ROBBINS") was a resident of Los Angeles County.").)  Residence is not necessarily the same as domicile.  Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").  Thus, Defendant has not adequately alleged Plaintiff's citizenship.  Id. ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

For these reasons, the Court concludes that Defendant has not met the burden of showing this Court has subject matter jurisdiction over Plaintiff's claims.  This action is therefore remanded to the Superior Court of California for the County of Los Angeles, Case No. 20SMCV01020, for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.